**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID VALIENTE PEREIRA,

     Petitioner,

v.

GEORGE DEDOS, Warden, Cibola County Correctional Facility; TODD LYONS, Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; MARY DE ANDA-YBARRA, El Paso Field Office Director for Immigration and Customs Enforcement; and TODD BLANCHE, U.S. Attorney General,

     Respondents.

Case No. 1:26-cv-01141-MIS-LF

## <u>ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241</u>

THIS MATTER is before the Court on Petitioner David Valiente Pereira's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed April 13, 2026. The Federal Respondents ("Respondents") filed a Response on April 23, 2026 ("Response").[1] ECF No. 9. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I.    Background

Petitioner is a citizen of Cuba who entered the United States on September 19, 2024 at the Brownsville, Texas Port of Entry through the CBP One Program. <u>See</u> I-213 Narrative (Sep. 19,

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

2024), ECF No. 11-6 at 2.  Petitioner was without valid documents to enter the United States and was found to be inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").  Id.  Petitioner was served with a Notice to Appear, placed into section 240 removal proceedings, and paroled into the United States.  Id.  His parole was scheduled to expire on September 18, 2026.  Pet. ¶ 16.

After entering the U.S., Petitioner filed an application for asylum, id. ¶ 17, and was scheduled for an asylum hearing on June 2, 2025, id.  It appears that on his way to the hearing, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner on the street.  See I-213 Narrative (June 2, 2025), ECF No. 11-5 at 7.  The same day, an Immigration Judge dismissed Petitioner's section 240 removal proceedings pursuant to 8 C.F.R. § 239.2(a)(6) & (7) to allow the Department of Homeland Security ("DHS") to pursue expedited removal.  Id.  DHS served Petitioner with an Expedited Removal Form I-860 and placed him in detention.  Id.; Order of Expedited Removal, ECF No. 11-5 at 1.  He has been in detention ever since.  Pet. ¶ 1.  He is currently detained at the Cibola County Correctional Facility in Milan, New Mexico.  Id.

On July 2, 2025, Petitioner appealed the Immigration Judge's decision.  ECF No. 11-4.  According to Executive Office for Immigration Review's website, the appeal remains pending. https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 27, 2026).

On March 3, 2026, Petitioner filed an application for adjustment of status under the Cuban Adjustment Act.  Pet. ¶ 1.  That application remains pending.  Id.

On April 13, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  ECF No. 1.  On April 23, 2026, Respondents filed a Response.  ECF No. 9.

On April 24, 2026, in response to the Court's Order to Supplement, ECF No. 10, Respondents filed additional documents related to Petitioner's entry and removal proceedings, ECF No. 11-1 through -7.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues that his continued detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedures Act.  Pet. ¶¶ 35-56.  He argues that, at a minimum, his application for adjustment of status should entitle him to an individualized bond hearing.  Id. ¶ 1.

Respondents argue that Petitioner is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(1).  Resp. at 5.  They argue that because Petitioner's parole was revoked, his "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."  Id. (quoting 8 U.S.C. § 1182(d)(5)(A)).  They argue that this

directive "puts Petitioner not in the position of other people arrested from the interior of the county but rather returns him to the status that he had at the moment he was granted parole, while he was seeking admission at the border." Id. at 6.

United States District Judge Lewis J. Liman recently rejected the exact same argument in a thorough and well-reasoned order in Qasemi v. Francis, 25-cv-10029 (LJL), 2025 WL 3654098, at *13 (S.D.N.Y. Dec. 17, 2025) ("The Government's expansive interpretation of Sections 1182(d)(5)(A) and 1225(b)(1)(B) would do exactly what the Due Process Clause has long been understood to prohibit."). The Court is persuaded by Judge Liman's excellent analysis and adopts it herein. Qasemi, 2025 WL 3654098, at *3-14. Briefly, for the reasons explained in Qasemi, the termination by revocation of Petitioner's parole

> returned him to the "custody" of DHS pursuant to the INA. Because he was paroled, and because he is not an arriving alien, he is no longer subject to the mandatory detention provision of Section 1225(b)(1). The outcome of this textual analysis is ultimately simple: absent ongoing parole status, Section 1182 mandates that [Petitioner] be treated just as the INA would treat any noncitizen previously granted parole and living in the United States. Every court that this Court is aware of that has considered the question has determined the same. See also Singh v. Albarran, 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025); Walizada, 2025 WL 3551972, at *11; Rodriguez v. Rokosky, 2025 WL 3485628, at *2 (D.N.J. Dec. 3, 2025); Salgado Bustos v. Raycraft, 2025 WL 3022294, at *6 (E.D. Mich. Oct. 29, 2025); E.V. v. Raycraft, 2025 WL 2938594, at *3 (N.D. Ohio Oct. 16, 2025); Espinoza v. Kaiser, 2025 WL 2675785, at *5 (E.D. Cal. Sept. 18, 2025); Munoz Materano v. Arteta, 2025 WL 2630826, at *11 (S.D.N.Y. Sept. 12, 2025); Aviles-Mena v. Kaiser, 2025 WL 2578215, at *4 (N.D. Cal. Sept. 5, 2025); Make the Road N.Y. v. Noem, 2025 WL 2494908, at *4 (D.D.C. Aug. 29, 2025).
>
> Therefore, any determination as to [Petitioner's] detention must be conducted under the discretionary framework of Section 1226(a), which "governs the process of arresting and detaining noncitizens who have already entered the United States pending their removal." Tumba, 2025 WL 3079014, at *3 (quoting Jennings, 583 U.S. at 288).

2025 WL 3654098, at *11.  That describes Petitioner, who is undoubtably within the United States pending the adjudication of his asylum claim and application for adjustment of status under the Cuban Adjustment Act.  See id. at *12.

Having established that Petitioner's current detention is governed by Section 1226(a) rather than Section 1225(b), the Court further finds that Petitioner's detention is invalid.  Id. at *13. "[D]iscretionary detention under the ambit of Section 1226(a) requires the exercise of discretion. Where there is no evidence or argument that such discretion was exercised, detention under that subsection is illegal."  Id.  As Judge Liman explained in a different case:

> Considering the complete absence of any reason for Petitioner's arrest under Section 1226, either in the record or in the briefing, this Court cannot conclude that her violent re-detention is compliant with the mandates of the Due Process Clause. Tumba does not argue that she could not be detained under 8 U.S.C. § 1226 pending the adjudication of her claim for asylum—only that before the Government does so, it must make a discretionary determination that she no longer presents a risk of flight or danger to the community. See Valdez v. Joyce, 803 F. Supp. 3d 213, 217 (S.D.N.Y. June 18, 2025) ("[T]he issue here is not the permissibility of immigration detention, but rather the process required in connection with such detention."). "[T]reating attendance in immigration court as a game of detention roulette is not consistent with the constitutional guarantee of due process." Lopez Benitez, 795 F. Supp. 3d at 499. And the "suggestion that government agents may sweep up any person they wish, for [no] reason [whatsoever] ... so long as the person will, at some unknown point in time, be allowed to ask some other official for his or her release offends the ordered system of liberty that is the pillar of the Fifth Amendment." Chipantiza-Sisalema, 2025 WL 1927931, at *3 (citing Velasco Lopez, 978 F.3d at 851–52; Valdez, 803 F. Supp. 3d at 217-19).

Tumba v. Francis, 813 F. Supp. 3d 394, 404-06 (S.D.N.Y. 2025).

In sum, the Court finds that Petitioner's current detention violates the Due Process Clause of the Fifth Amendment, and he is entitled to immediate release.  See Qasemi, 2025 WL 3654098, at *14.

**IV.     Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.     Petitioner David Valiente Pereira's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.     Respondents are **ORDERED** to immediately release Petitioner David Valiente Pereira from custody/detention without restraints beyond those that existed before his unlawful detention;

3.     Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

4.     Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE